21-1787-pr
*Baxter v. Bradley*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-two.

PRESENT:  JOSÉ A. CABRANES,
          JOSEPH F. BIANCO,
          EUNICE C. LEE,
                    *Circuit Judges.*

---

JASON I. BAXTER,

                    *Plaintiff-Appellant,*

              v.                                   21-1787-pr (L)
                                                   21-2204-pr (Con.)
JOSEPH E. BRADLEY,

                    *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Jason Baxter, *pro se*, Collins, NY |
| **FOR DEFENDANT-APPELLANT:** | Barbara Underwood, Solicitor General, Victor Paladino, Senior Assistant Solicitor General, Sarah L. Rosenbluth, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, Albany, NY |

1

Appeal from a July 13, 2021 order, September 7, 2021 order, and September 8, 2021 judgment entered by the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 13, 2021 order, September 7, 2021 order, and September 8, 2021 judgment of the District Court be and hereby are **AFFIRMED**.

Plaintiff Jason Baxter, who is incarcerated and proceeding *pro se*, filed this lawsuit in February 2019 pursuant to 42 U.S.C. § 1983 alleging that Defendant Joseph Bradley, a corrections captain, violated Baxter's due process rights by holding a deficient disciplinary hearing on February 5, 2018, at which Baxter was sentenced to a 120-day term in the Special Housing Unit ("SHU"). After Bradley failed to appear before the District Court and timely respond to Baxter's claims, the Clerk of the District Court entered a default as to Bradley. Less than one month later, Bradley then entered an appearance and moved to vacate the default; the District Court granted the motion on July 13, 2021, *see Baxter v. Bradley*, No. 19-CV-6105L, 2021 WL 2941131 (W.D.N.Y. July 13, 2021) ("*Baxter I*"). Baxter commenced this appeal by challenging the District Court's order vacating Bradley's default.

In the meantime, before the District Court, Bradley moved for summary judgment. Baxter failed to oppose that motion. On September 7, 2021, the District Court granted Bradley's motion for summary judgment, *see Baxter v. Bradley*, No. 19-CV-6105L, 2021 WL 4060412 (W.D.N.Y. Sept. 7, 2021) ("*Baxter II*"); judgment was formally entered in Bradley's favor the next day. Baxter now appeals the District Court's entry of summary judgment in Bradley's favor. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Vacatur of Default

The Federal Rules of Civil Procedure permit a district court to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). In deciding a motion to vacate an entry of default, the district court is to be guided principally by three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). We review a district court's decision on a motion to vacate the entry of a default for abuse of discretion, *id.* at 95, keeping in mind our Circuit's "strong preference for resolving disputes on the merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal quotation marks omitted).

Here, through its July 13, 2021 order, the District Court concluded that vacatur of the previously entered default against Bradley was justified. *Baxter I*, 2021 WL 2941131, at *1. Upon review of the record, we find that the District Court acted well within its discretion in arriving at that conclusion. The record shows that Bradley's failure to respond to the complaint was not willful: he

attempted to secure counsel from the New York State Attorney General's Office when he received Baxter's complaint and mistakenly believed he had fulfilled his obligations. Nor was Baxter prejudiced by the delay. The approximately two months that lapsed between the deadline for Bradley to respond and his eventual appearance did not impair Baxter's ability to prosecute his claims; Baxter did not argue, for example, that witnesses or evidence were lost because of the delay. And "delay standing alone does not establish prejudice." *Enron Oil Corp.*, 10 F.3d at 98. Finally, Bradley offered a meritorious defense. "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id.* Bradley offered evidence that Baxter could not establish a due process claim because he did not suffer any injury to his liberty interests. Because all of the factors weighed in favor of vacating the entry of default, the District Court did not abuse its discretion by doing so.

## II.  Summary Judgment

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

We conclude that the District Court properly granted summary judgment in favor of Bradley. To succeed on a due process claim based on a prison disciplinary hearing, Baxter must establish (1) that he possessed a liberty interest and (2) that Bradley deprived him of that interest as a result of insufficient process. *See Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004). Here, the evidence — even when construed in the light most favorable to Baxter — shows that he suffered no deprivation of a liberty interest. Even assuming that Bradley violated Baxter's due process rights during the February 5, 2018 hearing, the 120-day penalty imposed by Bradley as a result of that hearing was vacated on Baxter's administrative appeal, and thus Baxter "never served a single day in SHU as a result of the February 5[, 2018] hearing." *Baxter II*, 2021 WL 4060412, at *2.[1] At a rehearing on April 30, 2018, Baxter was again sentenced to 120 days in the SHU, and Baxter does not allege or offer any evidence to show that the April 30, 2018 rehearing violated his due process rights. We conclude, therefore, that the District Court properly granted summary judgment in favor of Bradley.

---

[1]     At the time of the February 5, 2018 hearing, Baxter was already serving a SHU sentence for an unrelated November 2017 disciplinary charge.

3

### III.    Conclusion

We have considered all of Baxter's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the July 13, 2021 order, September 7, 2021 order, and September 8, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court